Clifford HENN, et al. Plaintiffs–Appellees

v.

CITY OF HIGHLAND HEIGHTS, et al. Defendants–Appellants

No. 99–6346.

United States Court of Appeals, Sixth Circuit.

Feb. 8, 2001.

---

Before MARTIN, Chief Judge; SUHRHEINRICH, Circuit Judge; and OLIVER, District Judge.*

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

PER CURIAM.

The City of Highland Heights appeals the district court's grant of summary judgment for the plaintiffs and its declaration under Kentucky law that Highland Heights' designation of a redevelopment area was arbitrary, capricious, and void. For the following reasons, we vacate the decision of the district court and remand for elaboration of the basis for federal jurisdiction.

The fourteen-acre Gateway West area of Highland Heights, Kentucky, is zoned residential and consists of one hundred five lots and approximately thirteen residences. A consultant hired by Highland Heights in the fall of 1997 suggested that the city designate Gateway West a redevelopment district pursuant to the Urban Renewal and Community Development chapter of Kentucky law, which provides for public money to create redevelopment districts to eliminate slum and blighted areas. *See* Ky.Rev.Stat. Ann. § 99.330(2) (Michie 1993). The consultant prepared a development plan, which included a hotel/conference center and office and retail space. At a public meeting on February 15, 1998, Highland Heights' planning and zoning commission determined that the proposed plan conformed with the city's comprehensive plan and passed the issue on to the City Council. At its April 6 meeting, the City Council heard evidence for and against the redevelopment and, with the Mayor's endorsement, declared Gateway West a redevelopment area.

Clifford Henn and other owners of real estate either within or adjoining Gateway West sought review of the city's decision in federal district court under 42 U.S.C.

§ 1983, alleging, among other things, inverse condemnation, substantive due process violations, and violations of the Kentucky Constitution and state statutes. After cross motions for summary judgment, the district court held: 1) the plaintiffs had failed to exhaust their state remedies with regard to the inverse condemnation claim; 2) the substantive due process claim was non-frivolous or of sufficient validity to vest the court with jurisdiction; and 3) pursuant to 28 U.S.C. § 1367(a), the district court could assume supplemental jurisdiction over the state claims. The district court then granted the plaintiffs' summary judgment motion based on state law, determining that Highland Heights' action was arbitrary and capricious in that it did not have substantial evidence to support the necessary statutory findings for creating a redevelopment district. Because it decided the case under state law, the district court did not address the plaintiffs' substantive due process claim. In a later order, the district court awarded nominal damages of one dollar to each of the plaintiffs.

Highland Heights appeals the district court's grant of summary judgment, raising three jurisdictional issues. We review de novo both a district court's grant of summary judgment, *see Junger v. Daley*, 209 F.3d 481, 484 (6th Cir.2000), and the existence of subject matter jurisdiction, *see Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000).

■ Highland Heights first argues that because the plaintiffs were awarded only one dollar each in damages, there was no actual injury making the case justiciable. We disagree. The plaintiffs' property rights were affected by Highland Heights' designation of the property as a redevelopment area, which, as the district court noted, placed "a cloud of prospective eminent domain acquisition over the heads of the property owners." This damage sufficiently presented a justiciable issue for the district court to address, and the monetary amount actually awarded is irrelevant.

■ Second, Highland Heights argues that the district court does not have jurisdiction to award attorney's fees under 42 U.S.C. § 1988 because the district court granted relief pursuant to state law rather than 42 U.S.C. § 1983. As both parties agree, the district court has not yet determined whether attorney's fees are appropriate in this case. We therefore conclude that this issue is not ripe for review. Deciding the question now would result in nothing more than an unconstitutional advisory opinion. *See Flast v. Cohen*, 392 U.S. 83, 94–97, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

■ Finally, Highland Heights argues that the district court did not have jurisdiction under § 1983, arguing that the district court never found the substantive due process claim "well-founded or meritorious." The standard for jurisdiction over § 1983 claims, however, requires only that the underlying federal claim not be "either frivolous or ... insubstantial." *Hagans v. Lavine*, 415 U.S. 528, 539, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *see also Sims v. Waln*, 536 F.2d 686, 689 (6th Cir.1976) ("[T]he federal claims presented ... were not so frivolous or insubstantial as to oust the district court of its jurisdiction to hear the case."). In *Hagans*, the Court noted that it had found claims insubstantial where they were "essentially, fictitious," "wholly insubstantial," "obviously without merit," or foreclosed by prior decisions. *See Hagans*, 415 U.S. at 537–38 (citations omitted).

In the present case, the district court asserted its jurisdiction by simply stating:

The plaintiffs' substantive due process claim is non-frivolous and of sufficient

validity to vest the court with jurisdiction .... Under recent cases, a person who is subjected by a state agency under the color of state law to a legislative action that is arbitrary and capricious in the strict sense (without any rational basis whatever) has a valid substantive due process claim.

The district court then cited cases explaining the merits of substantive due process claims rather than the initial standard for jurisdiction, never relating those cases to jurisdiction over the present case. Without fully articulating its reasoning, the district court concluded that it had jurisdiction over the substantive due process claim.

■■ This case is unusual in that the district court never reached the merits of the federal claim that gave it jurisdiction, instead deciding a state law claim before it on supplemental jurisdiction. In situations such as this, where the district court properly avoided a constitutional issue by first addressing a dispositive supplemental state law claim, *see Schmidt v. Oakland Unified School Dist.,* 457 U.S. 594, 102 S.Ct. 2612, 73 L.Ed.2d 245 (1982), the importance of explaining the basis of federal jurisdiction is magnified. In substantive due process cases, the line between jurisdiction and the merits is sometimes cloudy, and where, as here, the district court never discusses the merits, elaborating on the jurisdictional basis is crucial. Of course we do not expect courts to delve into the claim's likelihood of success; a few sentences regarding the claim's viability will suffice. In this case, the district court must explain its jurisdictional basis with more than a summary, circular conclusion that the "claim is non-frivolous and of sufficient validity to vest the court with jurisdiction."

For the foregoing reasons, we VACATE the decision of the district court and RE-

MAND for further elaboration on the district court's basis for jurisdiction over the plaintiffs' § 1983 claim.